IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GABRIEL M. ROBLES, )
)
        Plaintiff, )
)
v. ) Case No. 10-2310-KHV
)
CREDIT PROTECTION ASSOCIATION L.P., )
)
        Defendant. )

# ORDER

On March 11, 2011, the undersigned U.S. Magistrate Judge, James P. O'Hara, entered an order (doc. 44) granting defendant's motion to compel. In response to defendant's request for fees associated with bringing the motion, the court instructed defendant to provide an accounting of its reasonable expenses incurred in making the motion, which it has done (doc. 46). Plaintiff has responded (doc. 48), arguing defendant didn't attempt to obtain the discovery before seeking court action, and that given certain circumstances, plaintiff's response to the discovery requests was substantially justified and an award of fees would be unjust.

Payment of expenses incurred in bringing a motion to compel is governed in part by Fed. R. Civ. P. 37(a)(5)(A), which provides:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both

to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

Whether to impose fees is a matter within the court's discretion.[1] A discovery response or objection is not necessarily unjustified just because it is ultimately rejected. In other words, simply because a motion to compel is granted, that does not mean that the position taken by the objecting party was not substantially justified. Rather, "[a] nondisclosure, response, or objection is substantially justified if it is justified to a degree that could satisfy a reasonable person or where reasonable people could differ as to the appropriateness of the nondisclosure, response, or objection."[2]

There was never any real substantive dispute about the materials sought by the underlying motion to compel. Plaintiff, at his deposition on February 18, 2011, confirmed the existence of some notes and audio recordings related to the telephone calls at the center of this Fair Debt Collection Practices Act case. Plaintiff's attorney agreed to produce the

---

[1] *Moss v. Blue Cross & Blue Shield of Kansas, Inc.*, 241 F.R.D. 683, 699 (D. Kan. 2007).

[2] *Wooten v. Certainteed Corp.*, No. 08-2508, 2009 WL 2407715, at *2 (D. Kan. Aug. 4, 2009) (quoting *Hamner v. Assoc. Wholesale Grocers, Inc.*, No. 07-2314, 2008 WL 917900, at *2 (D. Kan. Mar. 31, 2008)) (internal citations and quotations omitted).

material after allowing plaintiff two weeks to gather the materials. Although not entirely clear from the record, it appears that defendant may have believed that at least some of the material was immediately available to plaintiff and thus would be available sooner.[3]

In the two weeks following the deposition, defendant sent plaintiff's attorney several inquiries into the status of the production, most of which went unanswered by plaintiff's counsel even though defendant did state it would file a motion to compel if it became necessary. Plaintiff's counsel did at one point reiterate that the materials would be produced "as agreed at his deposition,"[4] but again, it is unclear exactly what this agreement was. In responding to both defendant's motion to compel and the accounting of fees, plaintiff's counsel suggests that he did not respond due to the fact that he had cataract surgery and had "some short-term problems reading bright computer screens."[5] Plaintiff's counsel also states that defendant knew about the cataract surgery, and thus these facts, along with the fact that defendant did not discuss the matter at defendant's Rule 30(b)(6) deposition, in plaintiff's view, mitigate against an award of fees.

Given these circumstances, the undersigned is unpersuaded than award of fees would be unjust or otherwise inappropriate. Plaintiff's own response indicates that the parties discussed this discovery both in person, by phone, and via email. Thus, the fact that defense

---

[3]*See* ex. D to doc. 48.

[4]Ex. E to doc. 48.

[5]Doc. 48 at 3.

counsel did not also discuss it with plaintiff's counsel at defendant's Rule 30(b)(6) deposition—especially in light of the fact that previous emails had gone unanswered—does not satisfy the court that the motion was filed before making a good-faith attempt to obtain the materials without court intervention.

Further, although the undersigned notes that plaintiff's counsel's medical concerns may have apparently caused some difficulties in responding to defendant's discovery requests, these circumstances don't make plaintiff's counsel's response substantially justified or otherwise lead to the conclusion that an award of fees would be unjust. As noted in the original order on the motion to compel, there is nothing that indicates that plaintiff's attorney told defense counsel that these medical procedures were the source of the delay.[6] Although plaintiff's response insists that defense counsel knew of the cataract surgery, there is nothing that suggests defense counsel knew that this was going to delay discovery, or that it would prevent plaintiff's counsel from even communicating with defense counsel on the subject.

Defendants have submitted an accounting of the fees incurred in filing the motion to dismiss. Defendant is seeking $2,617.00. Plaintiff does not object to the reasonableness of the fees requested, and upon review, the requested amount appears reasonable to the undersigned, primarily for the reasons outlined by defendant.[7] Accordingly, plaintiff is ordered to reimburse defendant in the amount of $2,617.00 for its costs incurred in filing the

---

[6] Doc. 44 at 3–4.

[7] *See* doc. 46 at 2–3.

motion to compel. Payment is due in full by **June 21, 2011**. Once payment is made, defendant shall file a certificate acknowledging receipt of funds.

IT IS SO ORDERED.

Dated May 31, 2011, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge